## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN

CORYNE HILLMAN,

                Plaintiff,                    Case No. 1:19-cv-01097-PLM-RSK

v.

                                                HON. PAUL L. MALONEY

ATONNE GROUP, LLC EMPLOYEE
BENEFIT PLAN; ATONNE GROUP,
LLC; ATONNE GROUP, INC.;
ADMINISTRATION SYSTEMS
RESEARCH CORPORATION,
INTERNATIONAL d/b/a ASR HEALTH
BENEFITS; and GENERAL TRENDS,
LLC d/b/a VILLAGE MOTORSPORTS,

                  Defendants.

## ADMINISTRATION SYSTEM RESEARCH CORPORATION
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS IN LIEU OF ANSWER UNDER
## RULE 12(b)(6) AND/OR RULE 12(c)

## **Table of Contents**

**Page**

INTRODUCTION ................................................................................................1

LAW AND ARGUMENT ....................................................................................2

I.      ASR has no discretionary authority to determine claims under its agreement
        with Atonne and Atonne does not dispute this. ...................................................2

II.     Plaintiff is not entitled to discovery in this ERISA case because no
        exceptions apply to the general rule regarding discovery under *Wilkins*,
        *supra*. ................................................................................................................4

CONCLUSION....................................................................................................7

## <u>Index of Authorities</u>

<u>**Page(s)**</u>

**Cases**

*Amini v. Oberlin College*,
   259 F.3d 493 (6th Cir. 2001) ........................................................... 4

*Gillespie v. Liberty Life Assur. Company of Boston*,
   2011 WL 590369 (W.D. Mich. Feb. 10, 2011) ........................................ 6

*LaFace Records, LLC v. Does 1–5*,
   2008 WL 513508 (W.D.Mich. Feb. 22, 2008) ........................................ 4

*Wilkins v. Baptist Healthcare Sys., Inc.*,
   150 F.3d 609 (6th Cir.1998) .................................................... 1, 3, 4, 6

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................ 4

Fed. R. Civ. P. 12(c) ................................................................... 4

LCivR 7.1(a) ........................................................................... 3

## <u>INTRODUCTION</u>

Plaintiff's response to Administration System Research Corporation International's ("ASR") Motion to Dismiss disregards precedent and poses, instead, a hypothetical question to which the answer is found within ASR's original motion brief, the complaint itself, and the exhibits attached to or referenced in the complaint. That question:  whether ASR might possibly possess discretionary authority to deny claims submitted to the Plan for payment.   But the pleadings are clear: it does not.  Atonne, the Plan administrator, has that authority, which is the case for nearly all self-funded, ERISA-qualified employee health benefit plans.  Further, in requesting discovery, plaintiff does not account for the nature of this action (an action seeking benefits from an ERISA employee benefits plan) and the procedural manner in which such cases are decided in the Sixth Circuit.  As discussed below, discovery is not permitted in an ERISA benefits action absent the existence of limited exceptions, none of which apply here.  See *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir.1998).

Equally supportive of ASR's position is Atonne's response to ASR's motion to dismiss:  silence.  This Court can construe Atonne's decision not to respond to ASR's motion as its implicit agreement with ASR's contentions.   ASR has taken the position that Atonne, as the Plan administrator, is the only entity with final decision-making responsibility for the payment of claims submitted to the Plan.  ASR has taken the position that Atonne alone is the payer of covered claims.  And ASR has taken the position that ASR merely processes claims in accordance with the terms and conditions of the Plan, including the claims at issue in this action.  Not only are these positions supported by the complaint and the exhibits attached to or referenced in the complaint, but Atonne, by not opposing these contentions, has agreed to them and impliedly consented to the relief sought by ASR in its motion to dismiss.

1

For the reasons discussed in ASR's main brief and below, ASR does not belong in this action and is not a necessary party for plaintiff to obtain the relief that she seeks: an order requiring Atonne to pay her benefit claims. ASR should be dismissed, leaving plaintiff and Atonne to litigate Atonne's decision to deny plaintiff's claim for ERISA benefits.

## LAW AND ARGUMENT

I. **ASR HAS NO DISCRETIONARY AUTHORITY TO DETERMINE CLAIMS UNDER ITS AGREEMENT WITH ATONNE AND ATONNE DOES NOT DISPUTE THIS.**

Plaintiff argues that ASR *may have* exercised discretionary authority in making the final decision to deny her benefit claims, making, according to plaintiff, ASR a fiduciary and a proper party defendant. Plaintiff's argument is without merit. First, the Plan itself (**Exhibit 1** to ASR's main brief, ECF No. 14-1) explicitly delineates the responsibilities of ASR and Atonne. The Plan is clear on ASR's role in claim processing:

> *NAMED FIDUCIARY AND PLAN ADMINISTRATOR*
> The Named Fiduciary and Plan Administrator is ATONNE GROUP, LLC. The Plan Administrator shall have the authority and discretion to control and manage the operation and administration of the Plan. The Plan Administrator may delegate responsibilities for the operation and administration of the Plan.
>
> *CLAIM ADMINISTRATOR*
> The Claim Administrator of the Plan is ASR HEALTH BENEFITS (ASR). The Claim Administrator shall only have the responsibilities delegated to it in writing in an Administration Agreement or other written agreement. The Claim Administrator is not a fiduciary. The Claim Administrator processes claims and does not insure that any medical or nonoccupational short-term disability expenses of Covered Persons will be Paid.
>
> *EMPLOYER'S OBLIGATIONS*
> The Employer shall pay all benefits and expenses of the Plan from its general assets. The Employer does not establish a separate fund for the payment of Plan benefits.

(**Exhibit 1** to ASR's main motion brief**,** p. 1, ECF No. 14-1, Page ID.92, Page 47-169).

2

Additionally, ASR has no contractual relationship to the patient.  Indeed, ASR has no connection with her at all, outside of the fact that she is a Plan participant who is covered under the Plan through her husband's employer.  ASR's relationship is with Atonne through the Administration Agreement attached as **Exhibit 2** (ECF No. 14-2, PageID.216, Page 2 of 12) to ASR's main motion brief and referenced in the Plan itself.  This is the typical arrangement between claim administrators (here, ASR) and plan administrators of self-funded, ERISA-qualified employee health benefit plans (here, Atonne).

Also, there is only one recovery here for plaintiff.  Either ASR is responsible for paying covered benefits under the Plan or Atonne is responsible for paying those benefits.  That Atonne has not responded to ASR's Motion to Dismiss supports (if not establishes) that Atonne agrees that it is the only proper party defendant and that ASR is not.  Under LCivR 7.1(a), "[a]ny party opposing a written motion shall do so by filing and serving a brief conforming to these rules." Atonne has not filed a brief and, therefore, has not objected to any of the positions that ASR has taken in its motion.  Although this is likely because ASR's positions are incontestable based upon the complaint and exhibits, it also supports that Atonne concurs to the relief that ASR seeks.  Atonne's concurrence is further supported by its answer to the complaint (ECF No. 15).  In its answer, Atonne has presented no defense that it is not the proper party defendant or that ASR is the proper defendant.  In other words, ASR and Atonne agree that Atonne is the proper party defendant and that ASR must be dismissed from this action.

Atonne and ASR concur that Atonne denied plaintiff's claim for benefits; that Atonne stands by those denials; and that Atonne is the payer of the benefit claims should this Court reverse those denials after reviewing the case under *Wilkins*, *supra*.  Plaintiff's dispute is with Atonne, and Atonne will not (and cannot) argue that the dispute is with ASR.

## II.    PLAINTIFF IS NOT ENTITLED TO DISCOVERY IN THIS ERISA CASE BECAUSE NO EXCEPTIONS APPLY TO THE GENERAL RULE REGARDING DISCOVERY UNDER *WILKINS*, *SUPRA*.

Plaintiff attaches several documents to her brief in response to ASR's motion to dismiss. These documents do not support that ASR is a proper party defendant to this action. Instead, should the Court consider the documents, they support ASR's positon.

First, ASR has moved for dismissal under Rule 12(b)(6) and/or 12(c). "When considering whether to grant a Rule 12(c) or 12(b)(6) motion, the court primarily considers the complaint's allegations, but may also take into account items appearing in the record and attached exhibits." *LaFace Records, LLC v. Does 1*–5, 2008 WL 513508, *3 (W.D.Mich. Feb. 22, 2008) (Maloney, J.), *citing Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Under this standard, this Court's review of ASR's motion to dismiss should typically be confined to the allegations in the complaint and the exhibits attached to or referenced in the complaint. These are the documents on which ASR relies for its motion. No other documents should be considered.

Second, even if the Court were to consider the documents attached to plaintiff's response, these documents fully support ASR's positions. For example, plaintiff argues that correspondence authored by ASR stating that "[t]he previous denial for the bilateral breast reduction that was done on 6/18/18 still stands" creates a question whether ASR is the fiduciary charged discretionary authority over final decisions to pay claims. See, e.g., **Exhibit 2** to plaintiff's response brief (ECF No. 23-2, PageID.271, Page 2 of 4). The attached document does no such thing. To the contrary, the administrative record for any adverse benefit decision in cases like these will be replete with correspondence from claim administrators, communicating the decisions

4

of plan administrators to plan participants.  This is precisely what claim administrators do and what Atonne contracted ASR to do under the Administration Agreement:

> ASR has the following duties, powers, and responsibilities during the term of this Agreement:  … To respond, or direct [Atonne] to respond when appropriate, to all inquiries concerning benefits and claims submitted under the Plan by covered persons.

**Exhibit 2** to ASR's main brief, ¶ 2.1(c) (ECF No. 14-2, PageID.219, Page 5 of 12).  ASR's communications to plaintiff and/or her attorney regarding Atonne's claim decisions is fully consistent with ASR's positions in its motion to dismiss.  ASR is empowered to make these communications, like any other claim administrator processing claims under the term of an employer-sponsored employee health benefit plan.   Additionally, the same documents that plaintiff has attached to her response brief also state:

> Please be advised that Atonne Group, L.L.C. Employee Benefit Plan is a self-funded health benefit plan and Atonne Group, L.L.C. is the Plan Administrator.  ASR Health Benefits operates solely as a provider of claim services for plan sponsors or administrators operating self-funded health plans.  ASR is not an insurance company and does not collect or manage funds of any kind for the payment of health benefits.  As a provider of claim services, ASR assumes no contractual or other legal oblations of the payment of medical benefits and makes no such payments.  The employers themselves are the sponsors and plan administrators of the benefit plans.

**Exhibit 1** to plaintiff's response brief (ECF No. 23-1, PageID.269, Page 10 of 10).  Plaintiff has known ASR's role from the outset.  If the documents attached to plaintiff's response brief do anything, they establish that plaintiff was well aware of ASR's role as a claim administrator when she filed her complaint.

No discovery is necessary or permitted here either.  First, this Court can and should decide ASR's motion based upon the allegations in the complaint and referenced exhibits.  As previously discussed, Rule 12(b)(6) and 12(c) motions should not be decided on a review of any

additional documents other than the complaint and exhibits.  Second, "[a]s the Sixth Circuit has made clear, a benefits case is to be determined solely on the administrative record, without resort to discovery or trial proceedings."  *Gillespie v. Liberty Life Assur. Company of Boston*, 2011 WL 590369 (W.D. Mich.  Feb. 10, 2011) (Scoville, M.J.), citing *Wilkins*, *supra*.  At the appropriate time, limited discovery may be permitted when a claimant makes a procedural challenge to an administrator's decision, such as a challenged based on bias:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of procedural challenge to the administrator's decisions, such as an alleged lack of due process or alleged bias on its part. This also means that any pre-hearing discovery at the district court level should be limited to such procedural challenges.

*Wilkins*, 150 F.3d at 619.  But plaintiff has not made such a procedural challenge.  Nor is now the time to do so.  Further, there is no need to clarify ASR's role through discovery.  The complaint and referenced exhibits confirm that role.  ASR, as the claim administrator for the Plan, is not a fiduciary.

Moreover, even the limited discovery potentially allowed under *Wilkins*, *supra*, occurs only after the administrative record is produced by the plan administrator (here, Atonne) and upon a showing that such discovery is justified.  Here, ASR seeks dismissal based upon the complaint and the exhibits to the complaint under Rule 12(b)(6) or 12(c).  Once ASR is dismissed, and the proper parties remain in the case, plaintiff would have the ability to seek discovery under *Wilkins*, *supra*.  Discovery is not necessary or appropriate at this time for this Court to resolve ASR's motion.

## <u>CONCLUSION</u>

For all of these reasons, ASR requests that this Court dismiss it from this action so that this case can continue with the proper parties aligned to litigate the propriety of Atonne's claim denial.

Respectfully submitted,

MILLER JOHNSON
Attorneys for ASR


Date: August 3, 2020                    By:      /s/Richard E. Hillary, I_____
                                                Richard E. Hillary, II (P56092)
                                                45 Ottawa Avenue, SW, Suite 1100
                                                Grand Rapids, MI  49503
                                                616.831.1700

7